IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| BETTY DEWALT-GALLMAN, ) | CIVIL ACTION NO. 9:16-2332-PMD-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied Disability Insurance Benefits (DIB). This case was referred to the undersigned for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a)(D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI),[2] respectively, on May 28, 2010, alleging disability beginning May 5, 2010 as a result of several medical issues. (R.pp. 162, 169). Plaintiff's claims were denied both initially and upon

---

[1] On January 23, 2017, Berryhill became the Acting Commissioner of Social Security, replacing Carolyn Colvin. The Clerk is therefore directed to change the Defendant to Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, on the docket.

[2] Although the definition of disability is the same under both DIB and SSI; Emberlin v. Astrue, No. 06-4136, 2008 WL 565185, at * 1 n. 3 (D.S.D. Feb. 29, 2008); "[a]n applicant who cannot establish that she was disabled during the insured period for DIB may still receive SSI benefits if she can establish that she is disabled and has limited means." Sienkiewicz v. Barnhart, No. 04-1542, 2005 WL 83841, at ** 3 (7th Cir. Jan. 6, 2005). See also Splude v. Apfel, 165 F.3d 85, 87 (1st Cir. 1999)[Discussing the difference between DIB and SSI benefits].



reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), following which the ALJ denied her claims in a decision issued January 23, 2013. (R.pp. 78-94). However, this decision was reversed by the Appeals Council with remand to the ALJ for further proceedings by Order filed February 20, 2014. (R.pp. 102-103). The Appeals Council Order specifically provided, in part, that "before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the Vocational Expert and information in the Dictionary of Occupational Titles (DOT)[3] and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p)". Id., (p. 103).

Following remand, a different ALJ held a second hearing on Plaintiff's applications on August 5, 2014. (R.pp. 616-660). This ALJ then issued a decision on December 10, 2014, again denying Plaintiff's claims. (R.pp. 19-34). This time, the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's December 10, 2014 decision the final decision of the Commissioner. (R.pp. 8-10). Plaintiff then filed this action in this United States District Court, asserting that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for further administrative proceedings. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that Plaintiff was properly found not to be disabled.

---

[3]The DOT is "a publication of the United States Department of Labor that contains descriptions of the requirements for thousands of jobs that exist in the national economy." Burns v. Barnhart, 312 F.3d 113, 119 (3d Cir. 2002). "[T]he DOT, in its job description, represents approximate *maximum* requirements for each position rather than the range." See Fenton v. Apfel, 149 F.3d 907, 911 (8th Cir. 1998).



## Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)); see also, Hepp v. Astrue, 511 F.3d 798, 806 (8th cir. 2008)[Noting that the substantial evidence standard is even "less demanding than the preponderance of the evidence standard"].

The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

## Discussion

A review of the record shows that Plaintiff, who was thirty-eight (38) years old when she alleges she became disabled, has a limited education (she completed school through the twelfth



grade and received a GED certificate) and past relevant work experience as a janitor. (R.pp. 32, 572, 627). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After a review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff does suffer from the "severe" impairments[4] of bi-polar disorder, anxiety, depression, borderline intellectual functioning (BIF), and degenerative disc disease (DDD) of the lumbar spine, thereby rendering her unable to perform her past relevant work as a janitor (defined as a medium work[5] job), she nevertheless retained the residual functional capacity (RFC) to perform a limited range of light work[6] with her impairments, and was therefore not entitled to disability benefits. (R.pp. 22, 26, 32-34).

Plaintiff asserts that in reaching this decision, the ALJ erred by improperly relying on the testimony of the vocational expert where there was a discrepancy between the jobs the VE testified Plaintiff could perform and the requirements for those jobs; by failing to properly assess Plaintiff's RFC, and in particular her narcolepsy; and by improperly rejecting the opinions of

---

[4]An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1521(a); Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987).

[5]Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).

[6]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b) (2005).



Plaintiff's primary care providers. After careful review and consideration of the evidence and arguments presented, for the reasons set forth below the undersigned is constrained to agree with the Plaintiff that the ALJ erred by relying on the VE's testimony in reaching his decision, thereby requiring a remand of this case for further review.

As noted, the ALJ found that Plaintiff suffers from several severe mental impairments; see (R.p. 22); and when assigning Plaintiff an RFC, the ALJ concluded that as a result of her "mental deficits" Plaintiff was, inter alia, "limited to simple, routine, and repetitive tasks requiring only simple work related instructions and decisions as well as relatively few work place changes". (R.p. 26). The ALJ then included this RFC restriction in his hypothetical to the Vocational Expert, and when asked whether there were jobs that an individual with these restrictions could perform, the VE identified the jobs of laundry folder (DOT No. 369.687-018), garment sorter (DOT No. 222.687-014), and ticket puller (DOT No. 221.687-014) as jobs that Plaintiff could perform with these limitations. (R.pp. 655-656). In compliance with the remand order of the Appeals Council, the ALJ also asked the Vocational Expert whether "[e]verything you testified to comport[s] with the DOT?", to which the Vocational Expert responded "yes, sir". (R.p. 659).

However, as correctly noted by the Plaintiff in her brief (and the Defendant does not dispute), each of the jobs identified by the VE as being jobs that Plaintiff could perform with her RFC require a reasoning level of 2.[7] Plaintiff argues that a reasoning level of 2 requires the person to be able to "apply common sense understanding to carry out *detailed* but uninvolved written or oral

---

[7] In discussing these jobs during her testimony, the VE noted that the garment sorter position had an "SVP" of 2, while the other two positions had an "SVP" of 1. (R.p. 656). However, an SVP level is not the same thing as a reasoning level [GED], which is what is at issue here. They are two different things. See Pearson v. Commissioner, No. 16-2726-PMD-SVH, 2017 WL 1378197, at * 13 (D.S.C. Mar. 29, 2017), adopted by, 2017 WL 1364220 (D.S.C. Apr. 14, 2017).

5



instructions. Deal with problems involving a few concrete variables in or from standardized situations" (emphasis added), while a restriction to simple, routine tasks requiring only simple work related instructions and decisions, as is the case here, restricts Plaintiff to performing jobs with a reasoning level of no more than 1. Plaintiff further argues that there is therefore a discrepancy between the requirements for these positions as set forth in the DOT and the VE's testimony that Plaintiff could perform these jobs with the RFC assigned by the ALJ, and the undersigned agrees.

The Defendant argues in her brief that the Fourth Circuit has not addressed in a precedential decision whether a GED reasoning level of 2 is incompatible with the ability to perform simple, routine, repetitive work, and that the majority of the district courts within the Fourth Circuit who have considered the DOT's reasoning levels descriptions have found no conflict between an RFC for simple, routine, repetitive work and work involving a reasoning level of 2. However, the Fourth Circuit *has* held, albeit in an unpublished decision, that there *is* an apparent conflict between a GED reasoning level of 2 and a limitation to simple, one-to-two step tasks. See Henderson v. Colvin, 643 F.d Appx. 273, 276-277 (4th Cir. 2016). Notably, every one of the cases cited by the Defendant as support for her argument predate the Fourth Circuit's holding in Henderson. Moreover, since the Henderson decision, courts in this District have applied its holding in deciding this issue, and the undersigned agrees with the analysis and holdings as set forth in those decisions. See Pearson, 2017 WL 1378197, at * 12-13; Christopherson v. Colvin, No. 15-4725-JMC-KFM, 2016 WL 7223283, at * 9 (D.S.C. Nov. 18, 2016), adopted by, 2016 WL 7212785 (D.S.C. Dec. 13, 2016); Sullivan v. Colvin, No. 16-79-JMC-JDA, 2016 WL 7228854, at * 10 (D.S.C. Nov. 10, 2016); c.f. Watson v. Colvin, No. 15-4935-RBH-PJG, 2017 WL 694645, at * * 4-5 (D.S.C. Feb. 22, 2017).



Therefore, in light of this apparent conflict, and pursuant to SSR 00-4p, some explanation should have been obtained from the VE for how Plaintiff could perform the jobs identified by the VE with this reasoning level requirement.[8] This would have allowed the ALJ to resolve any conflicts by determining if the explanation given by the VE was "reasonable and provides a basis for relying on the VE . . . testimony rather than the DOT information." Id. However, although the ALJ here did ask the VE if her testimony comported with the DOT (R.p. 659), the VE answered "yes, sir", and did not identify any inconsistency. Hence, the ALJ did not obtain a reasonable explanation for the conflict between the DOT and the VE's testimony before relying on VE's testimony that Plaintiff could perform the three jobs listed by the VE. (R.p. 33). Indeed, the ALJ specifically stated in his decision that pursuant to SSR 00-4p, he had "determined that the vocational experts testimony is *consistent* with the information contained in the [DOT]" (emphasis added). However, after Henderson and the caselaw following that decision, this finding was error under the facts of this case.

In Henderson, the Fourth Circuit found that, because there was an apparent conflict between the VE's testimony and the DOT, the ALJ erred in relying on the VE's conclusory testimony and in failing to inquire further. Henderson, 643 F. Appx. at 277-278, citing Pearson v.

---

[8]SSR 00-4p provides:

> Occupational evidence provided by a VE ... generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE ... evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE ... evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

See SSR 00–4p, 2000 WL 1898704 (2000).

7



Colvin, 810 F.3d 204, 209-10 (4th Cir. 2015) [Holding that an ALJ must independently identify conflicts between the VE's testimony and the DOT and that a VE's testimony that apparently conflicts with the DOT only provides substantial evidence to support the ALJ's decision if the ALJ received an explanation from the VE explaining the conflict and determined both that the explanation was reasonable and provided a basis for relying on the VE's testimony rather than the DOT]. Further, "the VE's failure to identify the conflict [as was the case here] did not absolve the ALJ of [her] independent duty to consult the DOT and to determine whether the VE's testimony was consistent with its descriptions of the identified jobs". Pearson, 2017 WL 1378197, at * 12. Finally, the Defendant's argument that this claim should be dismissed because Plaintiff's attorney also failed to point out the conflict between the VE's testimony and the DOT at the hearing is also without merit, as the "ALJ's affirmative duty to resolve conflicts between the DOT and the VE's testimony and to identify jobs at Step Five cannot be shifted to the claimant". Id., at * 14; see also Pearson, 810 F.3d at 210 [Providing that an ALJ "has a duty to investigate the facts and develop the record independent of the claimant or his counsel" and has "not fully developed the record if it contains an unresolved conflict between the expert's testimony and the Dictionary"].

        In sum, although the VE testified that Plaintiff's RFC would allow her to perform the jobs identified, she did not note the discrepancy between the requirements for these jobs as set forth in the DOT and the limitations the ALJ had placed on Plaintiff's RFC, and because the VE did not identify and resolve this conflict with respect to Plaintiff's ability to perform the jobs identified, the ALJ improperly relied on the VE's testimony in finding that Plaintiff could perform these jobs. Christopherson, 2016 WL 7223283, at * 9. Therefore, this action should be remanded for the ALJ to obtain VE testimony in compliance with SSR 00-4p with respect to any conflict between the



reasoning level for the jobs identified by the VE and the limitations imposed by the ALJ in his RFC. See generally, Pearson, 810 F.3d 204 [discussing process for resolving of conflict]. With respect to the remainder of Plaintiff's claims of error, the ALJ will be able to reconsider and re-evaluate the evidence en toto as part of the reconsideration of this claim. Hancock v. Barnhart, 206 F.Supp. 2d 757, 763-764 (W.D.Va. 2002) [on remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted de novo].

## Conclusion

Based on the foregoing, and pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner with remand in Social Security actions under Sentence 4 of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be **reversed**, and that this case be **remanded** to the Commissioner for re-evaluation of the evidence as set forth hereinabove, and for such further administration action as may be necessary. See Shalala v. Schaefer, 509 U.S. 292 (1993).

The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

May 5, 2017
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

